IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

VERSUS  　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 1:05cr83WJG-JMR-1
　　　　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 1:07cv649WJG-JMR

OAKLEY JEREMIAH PHILLIPS

O R D E R

　　　　This cause comes before the Court on Defendant/Petitioner Oakley Jeremiah Phillips' motions for leave [35-1] to file appeal *in forma pauperis* [IFP], and for a certificate of appealability [COA], to pursue an appeal [36-1] of the Court's denial of Phillips' petition for *habeas corpus* pursuant to 28 U.S.C. § 2255.  After due consideration of the record in this cause and the financial affidavit submitted by the Petitioner, the Court finds as follows:

I.

　　　　Phillips' petition to proceed IFP on appeal includes an accompanying financial affidavit.  (Ct. R.,Doc. 35.)  The certificate regarding Phillips' prison account balance shows that he had $.93 in available funds in the account on December 4, 2007, with an average monthly balance of $24.04.  (*Id*.)  The affidavit provides sufficient financial documentation to allow the Court to determine whether Phillips should be granted leave to proceed IFP.  28 U.S.C. § 1915(a)(1).  In addition, under the provisions of the applicable statute, there is no filing fee required for a section 2255 petition, which is the basis for this suit and appeal.  The Court, therefore, concludes that Phillips' motion to proceed IFP in this case should be granted.  *In re Stone,* 118 F.3d 1032, 1034 (5th Cir. 1997).

II.

A COA must be obtained before an appeal of a final order may proceed in a section 2255 action. *United States v. Garza,* 165 F.3d 312, 314 (5th Cir. 1999). If the *habeas* petition was filed after the effective date of the Antiterrorism and Effective Death Penalty Act [AEDPA], as in this case, the COA application must be addressed by the district court before the appeal can proceed. *United States v. Carter*, 117 F.3d 262, 264 n.1 (5th Cir. 1997). The standard for issuing a COA requires a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *United States v. Hall*, 455 F.3d 508, 513 (5th Cir. 2006). Phillips must show that his motion "raises issues that are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings." *Barefoot v. Estelle*, 463 U.S. 880 (1983); *United States v. Rocha,* 109 F.3d 225, 227 n. 2 (5th Cir. 1997).

After review of the allegations contained in Petitioner's motion for COA relative to the Court's Order entered in this cause on November 28, 2007, (Ct. R., Doc. 33), the Court cannot certify that the appeal in this case is taken in good faith. (*Id*.) Accordingly, the Court concludes that Phillips' motion for a COA should be denied. It is, therefore,

ORDERED that Phillips' motion to proceed IFP [35-1] be, and is hereby, granted. It is further,

ORDERED that Phillips' motion for a COA [36-1] be, and is hereby, denied. ,

SO ORDERED, this the 20th day of February, 2008.

*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE